Michael J. Freiman, Esq. (SBN 280716)
Law Office of Michael J. Freiman
100 Wilshire Blvd., Ste. 700
Santa Monica, CA 90401
(310) 917-1022
mike@employlegal.com

Attorney for Plaintiff AARON KNUTH

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON KNUTH,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM SERVICES LLC; and DOES 1 through 20, inclusive,<br><br>Defendants. | CASE NO.: 3:23-cv-05366-WHO<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>1. Discrimination in Violation of FEHA<br>2. Failure to Prevent Discrimination (FEHA)<br>3. Retaliation in Violation of FEHA<br>4. Wrongful Discharge in Violation of Public Policy<br>5. Harassment in Violation of FEHA<br>6. Failure to Prevent Harassment in Violation of FEHA<br>7. Labor Code s. 98.6<br>8. Labor Code s. 1102.5, 1102.6<br>9. Labor Code s. 6310, 6311<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff AARON KNUTH for its Complaint against Defendants AMAZON.COM SERVICES LLC and DOES 1 through 20, inclusive, hereby complains and alleges as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff Aaron Knuth was at all times relevant to the matters alleged in this complaint an individual with his residence in California.

2. Plaintiff is informed and believes and thereon alleges that the fictitiously-named Defendants sued herein as Does 1 through 20 inclusive, and each of them, are in some manner responsible for the occurrences, acts, and omissions alleged herein and that Plaintiff's damages were proximately caused by their conduct. The true names and capacities of such fictitiously-named Doe Defendants, whether individual, corporate, partnership, associate or otherwise, are presently unknown to Plaintiff, and Plaintiff will seek leave of the Court to amend this Complaint to assert the true names and capacities of such fictitiously-named Defendants when the same have been ascertained. For convenience, each reference to the named Defendant herein shall also refer to Does 1 through 20, inclusive.

3. Plaintiff is informed and believes and thereon alleges that in committing certain acts herein as alleged, some or all of the Defendants herein named were acting as the agents, joint ventures, partners, representatives, subsidiaries, affiliates and/or employees of some or all of the other Defendants, and that some or all of the conduct of such Defendants, as complained of herein, was within the course and scope of such relationship.

4. Pursuant to Article VI, Section 10 of the California Constitution, subject matter jurisdiction is proper in the Superior Court of California, County of San Francisco.

5. Pursuant to Section 395 of the California Code of Civil Procedure, venue is proper in the Superior Court of California for the County of San Francisco, because the Defendant conducted business in San Francisco County.

**FACTUAL BACKGROUND**

6. Defendant Amazon.com Services LLC ("Defendant") employed Plaintiff Aaron Knuth ("Plaintiff") as an analyst with job duties including managing risk engineering and other areas of Defendant's business with a base salary of $110,000, bonus, and stock options.

7. Plaintiff is a veteran, white, and male.

8. At all times, Plaintiff performed his job competently by achieving the goals set out for him by management and Defendant's management had even admitted Plaintiff had good performance.

9. Defendant's management, including without limitation Plaintiff's direct supervisor, repeatedly harassed Plaintiff by making unwelcome comments to Plaintiff that were substantially intended by Defendant's management, including without limitation Plaintiff's direct supervisor, to propagate stereotypes associated with veterans and white males including, without limitation, that Plaintiff's behavior as an ex-military white man was threatening, mean, disrespectful, and difficult.

10. Plaintiff opposed the unlawful harassment and discrimination and complained about such to Defendant's management and human resources.

11. Plaintiff further complained about Plaintiff's direct supervisor becoming intoxicated, cursing, and attempting to force herself to vomit in close proximity to Plaintiff, which created a safety risk to the direct supervisor, Defendant's management, Plaintiff and his coworkers.

12. However, Defendant's management and human resources did not conduct an adequate investigation into the aforementioned complaints because Defendant was more concerned about getting rid of a person who complained than it was to investigate what was being complained about.

13. Within close time proximity to Plaintiff's complaints (approximately one month), Defendant's management, including without limitation Plaintiff's direct supervisor, with knowledge of Plaintiff's protected categories and activities as set forth above, decided to terminate Plaintiff's employment.

14. Defendant's management, including without limitation Plaintiff's direct supervisor, that decided to terminate Plaintiff were substantially motivated the Plaintiff's aforementioned protected categories and activities as set forth above.

15. Defendant's management, including without limitation Plaintiff's direct supervisor, did not subject similarly situated employees who were not veterans, white, nor male to similar treatment.

16. Defendant's management, including without limitation Plaintiff's direct supervisor, failed to follow its internal policies and procedures related to investigation of complaints and with regard to the termination of Plaintiff because Defendant was less concerned about following its internal written policies to ensure fairness than it was concerned with removing an employee based on his protected categories and activities as set forth above.

17. Plaintiff filed a charge of the aforementioned claims with the California Civil Rights Department has received a Right to Sue letter regarding the same from the California Civil Rights Department and has thus exhausted all necessary administrative remedies.

**FIRST CAUSE OF ACTION**
**(Discrimination in Violation of FEHA)**
**(Against All Defendants)**

18. Plaintiff re-alleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

19. Defendants' actions constitute discrimination in violation of the Fair Employment and Housing Act ("FEHA").

20. As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered and continues to suffer a loss in earnings and other employment benefits according to proof at time of trial.

21. As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered humiliation, emotional distress and mental pain and anguish all to its damage in an amount according to proof at trial.

22. In doing the acts herein alleged, Defendants acted with oppression, malice, and/or conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to punitive damages.

## SECOND CAUSE OF ACTION
### (Failure to Prevent Discrimination in Violation of FEHA)
### (Against All Defendants)

23. Plaintiff re-alleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

24. Under FEHA, it is unlawful for an employer to fail to take all reasonable steps to prevent discrimination.

25. Defendants had knowledge and/or reasonable notice of the discrimination that took place against Plaintiff and failed to prevent such.

26. As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered and continues to suffer a loss in earnings and other employment benefits according to proof at time of trial.

27. As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered humiliation, emotional distress and mental pain and anguish all to its damage in an amount according to proof at trial.

28. In doing the acts herein alleged, Defendants acted with oppression, malice, and/or conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to punitive damages.

### THIRD CAUSE OF ACTION
### (Retaliation in Violation of FEHA)
### (Against All Defendants)

29. Plaintiff re-alleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

30. Defendants' actions constitute retaliation in violation of the Fair Employment and Housing Act ("FEHA").

31. As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered and continues to suffer a loss in earnings and other employment benefits according to proof at time of trial.

32. As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered humiliation, emotional distress and mental pain and anguish all to its damage in an amount according to proof at trial.

33. In doing the acts herein alleged, Defendants acted with oppression, malice, and/or conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to punitive damages.

## FOURTH CAUSE OF ACTION
### (Wrongful Termination in Violation of Public Policy)
### (Against All Defendants)

34. Plaintiff re-alleges and incorporates all paragraphs of this Complaint as though fully set forth herein.

35. Defendant's actions constitute wrongful discharge in violation of the public policy.

36. As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, emotional distress, and seeks punitive damages all in an amount subject to proof at the time of trial.

## FIFTH CAUSE OF ACTION
### (Harassment in Violation of FEHA)
### (Against All Defendants)

37. Plaintiff re-alleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

38. Defendants' actions constitute harassment in violation of FEHA.

39. As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered and continues to suffer a loss in earnings and other employment benefits according to proof at time of trial.

COMPLAINT FOR DAMAGES

8

40. As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered humiliation, emotional distress and mental pain and anguish all to its damage in an amount according to proof at trial.

41. In doing the acts herein alleged, Defendants acted with oppression, malice, and/or conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to punitive damages.

## SIXTH CAUSE OF ACTION
### (Failure to Prevent Harassment in Violation of FEHA)
### (Against All Defendants)

42. Plaintiff re-alleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

43. Defendants' actions constitute failure to prevent harassment in violation of FEHA.

44. As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered and continues to suffer a loss in earnings and other employment benefits according to proof at time of trial.

45. As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered humiliation, emotional distress and mental pain and anguish all to its damage in an amount according to proof at trial.

46. In doing the acts herein alleged, Defendants acted with oppression, malice, and/or conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to punitive damages.

## SEVENTH CAUSE OF ACTION
### (Retaliation in Violation of Labor Code s. 98.6)
### (Against All Defendants)

47. Plaintiff re-alleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

48. Defendants' actions constitute retaliation in violation of Labor Code s. 98.6.

49. As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered and continues to suffer a loss in earnings and other employment benefits according to proof at time of trial.

50. As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered humiliation, emotional distress and mental pain and anguish all to its damage in an amount according to proof at trial.

51. In doing the acts herein alleged, Defendants acted with oppression, malice, and/or conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to punitive damages.

## EIGHTH CAUSE OF ACTION
### (Retaliation in Violation of Labor Code s. 1102.5, 1102.6)
### (Against All Defendants)

52. Plaintiff re-alleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

53. Defendants' actions constitute retaliation in violation of Labor Code s. 1102.5, 1102.6.

54. As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered and continues to suffer a loss in earnings and other employment benefits according to proof at time of trial.

55. As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered humiliation, emotional distress and mental pain and anguish all to its damage in an amount according to proof at trial.

56. In doing the acts herein alleged, Defendants acted with oppression, malice, and/or conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to punitive damages.

## NINTH CAUSE OF ACTION
### (Retaliation in Violation of Labor Code s. 6310, 6311)
### (Against All Defendants)

57. Plaintiff re-alleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

58. Defendants' actions constitute retaliation in violation of Labor Code s. 6310, 6311.

59. As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered and continues to suffer a loss in earnings and other employment benefits according to proof at time of trial.

60. As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered humiliation, emotional distress and mental pain and anguish all to its damage in an amount according to proof at trial.

61. In doing the acts herein alleged, Defendants acted with oppression, malice, and/or conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For payment of earned wages, withheld earnings, and other damages according to proof in an amount to be ascertained at trial;
2. For payment of all statutory obligations and penalties as required by law;
3. For penalties, special damages, compensatory, and general damages in an amount to be proven at trial;
4. For punitive damages as allowed by law;
5. Loss of income incurred and to be incurred according to proof;
6. For reasonable attorneys' fees;
7. For costs of suit incurred herein;
8. For interest provided by law;

9. All damages and penalties provided by law;

10. For restitution and other equitable relief; and

11. For such other and further relief as the court deems just and proper

Dated: November 27, 2023    By:    LAW OFFICE OF MICHAEL J. FREIMAN

/s/ Michael J. Freiman, Esq.
Michael J. Freiman, Esq.

Attorney for Plaintiff Aaron Knuth

## DEMAND FOR JURY TRIAL

Plaintiff Aaron Knuth demands a jury trial.

Dated: November 27, 2023    By:    LAW OFFICE OF MICHAEL J. FREIMAN

Michael J. Freiman, Esq.
Michael J. Freiman, Esq.

Attorney for Plaintiff Aaron Knuth