UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON KNUTH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AMAZON.COM SERVICES LLC,<br><br>　　　　Defendant. | Case No. 23-cv-05366-WHO<br><br>**ORDER DENYING MOTION TO REMAND**<br><br>Re: Dkt. No. 36 |

Plaintiff Aaron Knuth moves to remand this case back to state court, asserting it was improperly removed based on diversity jurisdiction. Because defendant Amazon.com Services LLC ("Amazon") removed the case based on Knuth's admission that he was a California resident at the time of filing, and Knuth submitted no evidence to the contrary, his motion to remand is DENIED.

**BACKGROUND**

Knuth filed this action against his former employer, Amazon, in the Superior Court of California, County of San Francisco on September 18, 2023. Compl., Dkt. No. 1-3. As Amazon's principal place of business is in the State of Washington, and Knuth asserted in his Complaint that he "was at all times relevant to the matters alleged in this complaint an individual with his residence in California," Amazon removed the case to this court on October 19, 2023. *Id.* ¶ 2; Notice of Removal, Dkt. No. 1 at 2. Knuth filed a First Amended Complaint on November 27, 2023, and reasserted that he "was at all times relevant to the matters alleged in this complaint an individual with his residence in California." FAC, Dkt. No. 15.

The parties first raised the issue of jurisdiction in their Initial Case Management Statement.

1

1    Dkt. No. 20. In that Statement, Knuth distinguished between residence and citizenship, arguing

2    that "[t]he Complaint only states that during the 'relevant' time period Plaintiff 'resided' in

3    California. Residence is not the same as domicile, which is necessary to establish citizenship of a

4    state." *Id.* at 2. Amazon contended removal was appropriate because "the Court has diversity

5    jurisdiction over this matter" based on the assertion in the Complaint that "Plaintiff and Amazon

6    are citizens of different states." *Id.*

7    When the parties appeared for their Case Management Conference on January 16, 2024, I

8    recommended that "counsel meet, confer and exchange limited information regarding residence

9    and domicile to inform whether this court has jurisdiction." January 2024 Minute Order, Dkt.

10   No. 22. Based on Knuth's representation that he anticipated filing a motion to remand, but refused

11   to make a representation on the record regarding domicile and residence, I admonished counsel:

> There is no reason to obfuscate on these jurisdictional issues. The motion should be filed in sufficient time to allow opposition prior to the next Case Management Conference; should plaintiff decide not to file that motion, he shall provide complete information necessary to consider jurisdictional issues to defendant in advance of the date to file Joint Case Management Statement.

*Id*. I reset the CMC to February 13, 2024, with a further CMC Statement due on February 6, 2024. *Id*.

In the Updated CMC Statement, the parties again raised the issue of diversity jurisdiction. February 2024 CMC Statement, Dkt. No. 23. Knuth requested that I remand sua sponte, arguing that his alleged residence in California "is not enough to prove 'domicile' which is the definition of 'citizenship' for purposes of this issue." *Id.* at 2. Amazon explained that Knuth had "declined [Amazon's] repeated requests that he confirm intentions to amend his Complaint to correct the . . . inaccurate allegations regarding California residence," and therefore Amazon "lacks adequate assurance of the factual allegations relevant to domicile and citizenship." *Id.* at 3. The parties appeared for the reset CMC on February 13, 2024. I explained to the parties:

> The Court will not remand sua sponte based on the current record. The issues of domicile and jurisdiction are briefly discussed. Plaintiff plans to file a motion to remand in approximately one week. Case management issues will be revisited at the hearing on that motion as may prove appropriate.

2

February 2024 Minute Order, Dkt. No. 25.

The parties filed their third CMC Statement on May 28, 2024. May 2024 CMC Statement, Dkt. No. 28. Knuth again requested that I remand the case because he "currently resides in Washington with intent to remain," and Amazon's allegation that he resided in California "is not sufficient to establish current domicile, which is current residency and intent to remain." *Id.* at 2. Amazon contended that Knuth "verbally represented to the Court that, at some point in his Amazon employment, [he] had only briefly been in California," but "[t]his contradicted the First Amended Complaint . . . which stated that 'Plaintiff Aaron Knuth was at all times relevant to the matters alleged in this complaint an individual with his residence in California.'" *Id.* Amazon claimed that "counsel attempted to meet and confer about how to proceed in this case by leaving a telephone message with Plaintiff's counsel on May 17, 2024 and by follow-up email on May 21, 2024. Plaintiff's counsel did not respond." *Id.* at 3.

Knuth's counsel did not appear at the third CMC on June 4, 2024. June 2024 Minute Order, Dkt. No. 29. As no motion to remand had been filed, I set a schedule for the case and ordered the parties to attend mediation by November 29, 2024. *Id*.

Following an unsuccessful mediation[1], the parties filed a further Updated CMC Statement on December 3, 2024. Dkt. No. 31. In that Statement, Knuth again argued that there was no diversity jurisdiction by relying on Amazon's "admission" that "at all times relevant, Plaintiff was a resident of Washington state" on page four of the Statement. *Id.* at 2, 4. Although Amazon stated that Knuth was a resident of Washington state "at all relevant times," Amazon's complete assertion in the Statement was "[g]iven that, at all relevant times, Plaintiff was a resident of Washington state and employed by Defendant out of a facility in Washington state, Defendant contends that California law does not apply to Plaintiff." *Id.* at 4. Amazon explained that the supposed "admission" was relevant to choice of law and not to the existence of diversity jurisdiction at the time the Complaint was filed and the case removed to this court. *Id.*

---

[1] It is not surprising that mediation was unsuccessful because it turns out that the parties had done no discovery and ignored their disclosure obligations under General Order 71, which I did not learn until I inquired about it at the hearing on this motion. This is very far below the standard of practice that is acceptable.

3

In the December 10, 2024 CMC, I instructed the parties to "meet and confer to discuss a plan to move the litigation forward given that little or no progress has been made to date" and reset the CMC for the following week. December 10, 2024 Minute Order, Dkt. No. 33. At the December 17, 2024 CMC I discussed "the preliminary litigation plan to get the case moving, including preliminary discovery and consideration of appropriate jurisdiction," and ordered that "[d]iscovery will not be stayed but should be targeted. Plaintiff is directed to file a motion to remand by January 21, 2025." December 17, 2024 Minute Order, Dkt. No. 34.

Knuth filed his motion to remand on January 21, 2025, arguing lack diversity jurisdiction. Mot., Dkt. No. 36-1 at 4. But in support, Knuth offered no evidence or statement under penalty of perjury or otherwise regarding his residence, domicile or citizenship at the time this case was filed or at any time thereafter. He relies solely on Amazon's alleged admission in the December 3, 2024, CMC Statement that Knuth was a Washington resident "at all relevant times." Mot. at 4; *see also* December 2024 CMC Statement, Dkt. No. 31 at 4.

In response, Amazon does not dispute that Knuth's current residential address is in Washington state. Talt Decl., Dkt. No. 38-1 ¶ 2. Based on that information, secured after removal and during the parties meet and confer process required by the court, Amazon was also able to confirm that plaintiff was "employed by Defendant out of a facility in Washington State." *Id.* ¶ 3. However, despite repeated requests, Knuth provided no information to Amazon or the court about his citizenship at the time he filed this case. *Id.* ¶ 4. Nor has Knuth amended his FAC, despite repeated requests from Amazon's counsel to amend or correct his claim that he was a resident of California or otherwise explain his citizenship at the time the case was filed and removed. *Id.* ¶ 5.

Knuth did not file a reply in support of his motion to remand.

**LEGAL STANDARD**

Diversity jurisdiction exists under 28 U.S.C. § 1332(a), where no plaintiff is a citizen of the same state as any defendant and the amount in controversy exceeds $75,000. A "natural person's state citizenship is then determined by her state of domicile, not her state of residence. A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

4

"[I]n a case that has been removed from state court to federal court under 28 U.S.C. § 1441 on the basis of diversity jurisdiction, the proponent of federal jurisdiction . . . has the burden to prove, by a preponderance of the evidence, that removal is proper." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106–07 (9th Cir. 2010).  "The presumption against removal means that 'the defendant always has the burden of establishing that removal is proper.'" *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citation omitted).

"[T]he core principle of federal removal jurisdiction on the basis of diversity" is that it is "determined (and must exist) as of the time the complaint is filed and removal is effected." *Strotek Corp. v. Air Transp. Ass'n. of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002); *see also Morongo Band of Mission Indians v. California State Bd. Of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988) (diversity is determined by citizenship of parties as of filing of the original complaint). "Once jurisdiction attaches, a party cannot thereafter, by its own change of citizenship, destroy diversity." *Strotek Corp.*, 300 F.3d at 1131.

## DISCUSSION

It is Amazon's burden to prove by a preponderance of the evidence that Knuth was a citizen of California at the time Knuth filed his Complaint and Amazon removed the case to this Court.  On the limited record before the Court—limited because Knuth has steadfastly refused to offer any evidence regarding his citizenship at the time this case was filed and removed—Amazon has met its burden.

In its Notice of Removal and in opposition to the motion to remand, Amazon points to the following:

- In Knuth's Complaint, he asserted that he is "an individual with his residence in California."  Compl. ¶ 1.
- In his Amended Complaint, Knuth again asserted that he is a California resident: "Plaintiff Aaron Knuth was at all times relevant to the matters alleged in this complaint an individual with his residence in California."  FAC ¶ 1.

Amazon does not dispute that Knuth is *currently* a resident of Washington.  Oppo., Dkt. No. 38 at

3–4; Talt Decl. ¶ 2. It also admits that Knuth was employed by Amazon "out of a facility in Washington state." Talt Decl. ¶ 3. But given Knuth's failure to provide *any* evidence regarding his citizenship at the time this case was filed and removed, and Knuth's failure to amend the operative Complaint to correct or explain his admission that he was a resident of California at the time the case was filed and removed, Amazon has met its burden to show diversity exists.

From the very first Case Management Conference in this case over a year ago, Knuth was directed to meet and confer with defendant and provide information on his citizenship so that the jurisdiction issue could be resolved promptly. Knuth repeatedly failed to provide that evidence during the meet and confer process. Talt Decl. ¶¶ 4–5. Knuth similarly failed to provide *any evidence* in support of this motion. Obviously that evidence is within Knuth's knowledge. A simple declaration submitted under penalty of perjury would have sufficed to resolve the issue. Instead, Knuth's obstinance and refusal to provide confirmation to Amazon or this court of his citizenship at the time this case has wasted his time, the defendant's time, and my time. Similar conduct in the future will result in sanctions.

## CONCLUSION

The motion to remand is DENIED.

**IT IS SO ORDERED.**

Dated: February 28, 2025



William H. Orrick
United States District Judge